**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Civil Action No. 1:13-cv-727 (LO-IDD) |
| KB HOME INC., KB HOME RALEIGH-DURHAM INC., and STOCK BUILDING SUPPLY, LLC, | |
| Defendants. | |

## DEFENDANTS KB HOME AND KB HOME RALEIGH-DURHAM INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1406 and 1404, and for the reasons set forth in the accompanying Memorandum, Defendants KB HOME ("KB")(erroneously sued as "KB HOME Inc.") and KB HOME Raleigh-Durham Inc. ("KB Raleigh") (collectively hereinafter "KB Defendants") respectfully move this Court for a dismissal of this action because: 1) Liberty has failed to establish that this Court has subject matter jurisdiction over this suit on grounds of diversity of citizenship; 2) Liberty has failed to establish that this Court has personal jurisdiction over the KB Defendants; and 3) Liberty has failed to establish that venue is proper because Liberty cannot show that this suit has a substantial connection to this District.[1] In the event this Court determines that subject and personal matter jurisdiction exist, then the KB Defendants

---

[1] In the event that the KB Defendants' motion is denied in its entirety, then the KB Defendants respectfully reserve the right to file a 12(b)(6) motion attacking the underlying merits of Liberty Mutual Fire Insurance's Complaint.

1

alternatively request that this Court transfer this suit to the United States District Court for the Eastern District of North Carolina, or to the District Court for the Central District of California.

In further support, the KB Defendants state as follows:

1.      KB is a Delaware corporation with a principal place of business located in Los Angeles, California. KB is not a Virginia company, does not maintain an office in Virginia, does not have citizenship in Virginia, is not registered to do conduct business in Virginia, and does not regularly conduct business in Virginia. Aff. Travis Cope ¶¶ 4-5 (July 10, 2013). The Cope Affidavit is attached hereto to this Motion as Exhibit "A," and is hereinafter referred to as to the ("Cope Aff.").

2.      KB Raleigh is a Delaware corporation, with a principal place of business located in Raleigh, North Carolina. KB Raleigh is not a Virginia company, does not maintain an office in Virginia, does not have citizenship in Virginia, is not registered to conduct business in Virginia, and does not regularly conduct business in Virginia. (Cope Aff. ¶¶ 4-5).

3.      Defendant Stock Building Supply, LLC ("Stock") is a North Carolina limited liability company with its principal place of business located in Raleigh, North Carolina, but Liberty's Complaint fails to identify the citizenship of Stock's individual members (Liberty Compl. ¶ 7); (Cope Aff. ¶ 6). Stock is a supplier/subcontractor for KB Raleigh's projects located in the State of North Carolina, and the parties have had an ongoing business relationship in North Carolina for several years. The parties' business relationship does not involve any projects in Virginia. (Cope Aff. ¶ 6).

4.      Plaintiff Liberty Mutual Fire Insurance Company ("Liberty") is a Massachusetts corporation with a principal place of business located in Boston, Massachusetts. (Liberty Compl. ¶ 4). It is unknown what, if any, contacts Liberty has within the State of Virginia. The adjuster

assigned to represent KB Raleigh's interests has a business address located in Los Angeles, California. (Cope Aff. ¶ 18).

5.      Liberty issued commercial and general liability insurance policies ("Stock Policies") to Stock and Ferguson Enterprises, Inc. ("Ferguson") in 2005 and 2006, and per the contracts entered into within the State of North Carolina, the KB Defendants were each named as additional insureds under the Stock Policies. (Cope Aff. ¶ 7). The KB Defendants never dealt directly with Ferguson in relation to the Stock Policies. (Cope Aff. ¶ 9).

6.      The Stock Policies were delivered to KB Raleigh in Raleigh, North Carolina, and to KB in Los Angeles, California, respectively. (Cope Aff. ¶ 8). The Commercial General Liability Declaration attached as Exhibit 1 to the Cope Affidavit also indicates North Carolina addresses for both Ferguson and Stock, and that at least one of the Stock Policies was issued from Liberty's Charlotte, North Carolina sales office. (Cope Aff. ¶ 8, Ex. 1 pp. 11-13).

7.      In December 2008, a class action lawsuit was filed against KB Raleigh in Wake County, North Carolina (*Mark Elliott, et al. v. KB HOME Raleigh-Durham Inc.*, Wake County Superior Court, Case No. 08-CVS-21190)("Underlying Class Action"). The class action plaintiffs (who represent a class of approximately 277 homes) asserted claims for breach of contract, breach of express and implied warranties, negligence, negligent misrepresentation and unfair and deceptive trade practices. The Underlying Class Action is still ongoing. (Cope Aff. ¶¶ 10-11).

8.      Because the causes of action in the Underlying Class Action directly relate to Stock's scope of work in North Carolina and the Stock Policies, KB Raleigh sought defense and indemnity from Stock and Liberty, both of whom refused. (Cope Aff. ¶¶ 12-14)

9.     KB Raleigh then filed a third-party complaint against Stock in the Underlying Class Action, and filed a declaratory action against Liberty in North Carolina state court seeking defense under the Stock Policies. (*KB HOME Raleigh Durham Inc. v. Liberty Mutual Fire Insurance Company*, 10 CVS-18887). (Cope Aff. ¶¶ 13-14).

10.     Liberty removed the state court declaratory action with KB Raleigh to the District Court for the Eastern District of North Carolina (*KB HOME Raleigh-Durham Inc. v. Liberty Mutual Fire Insurance Company*, 5:10-cv-00573-D)("North Carolina Declaratory Action"). (Cope Aff. ¶ 15).

11.     In the North Carolina Declaratory Action, Liberty expressly admitted that both jurisdiction and venue were proper in the Eastern District of North Carolina and asserted counterclaims against KB Raleigh. (Cope Aff. ¶ 15, Ex. 3 to Cope Aff. ¶¶ 3-4).

12.     After approximately fifteen months of litigation in the North Carolina Declaratory Action, KB Raleigh and Liberty reached a settlement, whereby Liberty agreed to reimburse KB Raleigh for a portion of past defense fees and provide a defense to the Underlying Class Action pursuant to the terms of a Defense Cost Agreement ("Settlement and Defense Agreements"). (Cope Aff. ¶ 16).

13.     The Settlement and Defense Agreements were negotiated with, and delivered to, Liberty's legal counsel (Susan Burkhart of Cranfill, Sumner & Hartzog LLP) located in Raleigh, North Carolina. The KB Defendants' legal counsel located in California also negotiated the terms of the Settlement and Defense Agreements with Ms. Burkhart. (Cope Aff. ¶ 16).

14.     Following the execution of the Settlement and Defense Agreements, Liberty refused to participate in efforts to schedule a good faith mediation involving the Underlying Class Action participants, and failed to actively participate in ongoing settlement negotiations

despite repeated requests from KB Raleigh and its counsel. Instead Liberty focused its efforts and policy funds to negotiate resolution to several unrelated Stock lawsuits involving Chinese drywall. Most recently, Liberty has failed to provide definitive evidence of exhaustion of the Stock Policies, refused to pay KB Raleigh defense costs as previously agreed, and has refused to provide KB Raleigh with a complete set of loss runs despite demands for such information from May 2013 to present. (Cope Aff. ¶ 19).

15.     Despite the fact that all litigation to date regarding Stock's work and the Stock Policies have taken place in North Carolina, Liberty preemptively filed this declaratory judgment against the KB Defendants in this Court seeking a declaration that its defense and indemnity obligations are discharged under the Stock Policies and the Settlement and Defense Agreements because the Stock Policies are purportedly exhausted. (Liberty Compl. ¶¶ 18-20).

16.     Liberty's sole basis for asserting that  jurisdiction and venue are proper in this Court is its unsupported assertion that the Stock Policies, which contain Raleigh, North Carolina, addresses for both Ferguson and Stock (*See* Cope Aff., Ex. 1 pp. 11-13), were delivered to Ferguson and Stock in Virginia. (Liberty Compl. ¶ 12). Furthermore, Liberty, KB and KB Raleigh were the sole parties to the Settlement and Defense Agreements, which were negotiated and exchanged by KB Raleigh and Liberty counsel located in North Carolina. The Settlement and Defense Agreements have no relation to Virginia.

17.     Liberty also fails to allege the citizenship of each member of Stock as required by the 28 U.S.C. ¶ 1332(a) to establish complete diversity, and fails to explain how the amount in controversy requirement is satisfied if the Stock Policies are exhausted.

18.     Pursuant to the operation of well-established Fourth Circuit case law provided in the Memorandum of Law accompanying this Motion, this Court does not have subject matter jurisdiction because Liberty has failed to properly plead diversity and subject matter jurisdiction.

19.     Moreover, Liberty cannot establish personal jurisdiction over the KB Defendants under theories either of general or specific personal jurisdiction, because neither of the KB Defendants maintain systematic, continuous, or sufficient contacts with Virginia.

20.     Venue in Virginia is similarly improper because 1) this Court lacks personal jurisdiction over the KB Defendants as provided by 28 U.S.C. § 1406; and 2) the substantial part of the events pertaining to this action, as provided by 28 U.S.C. § 1391 occurred within the Eastern District of North Carolina, and not Virginia.

21.     In the alternative, 28 U.S.C. § 1404 requires that, in the interest of justice and for the convenience of witnesses, venue may be transferred to a more appropriate court. Consistent with applicable law and as provided above, North Carolina is the most appropriate forum in which to hear this dispute. The District Court for the Central District of California is also an appropriate venue because KB and Liberty's responsible insurance representative(s) are headquartered in the Los Angeles, California area, and KB Raleigh will consent to such venue if this Court finds it appropriate. (Cope Aff. ¶ 18).

22.     In support, the KB Defendants attach the following documents in support of this Motion:

     **-The Affidavit of Travis Cope (July 10, 2013) and Exhibits, attached hereto as Exhibit A.**

WHEREFORE, as set forth above, in the accompanying Memorandum, and in the Exhibit attached hereto, the KB Defendants are entitled to dismissal as a matter of law of all of Liberty's claims as alleged in the Complaint, for failure to properly establish subject matter jurisdiction, personal jurisdiction, and venue. In the alternative, and only if this Court were to determine that dismissal is not warranted, then this action should be transferred to the United States District Court for the Eastern District of North Carolina, or alternatively, to the District Court for the Central District of California. The KB Defendants also respectfully request that this Court award the KB Defendants all attorneys' fees and legal expenses incurred by the KB Defendants in this action as provided by the Settlement and Defense Agreements, and for any further relief that this Court deems proper.

Respectfully submitted this the 11th day of July, 2013.

/s/ Michael S. Koplan
Michael S. Koplan (VA Bar No. 32893)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
Fax: (202) 347-1684
E-mail: mkoplan@babc.com

*Attorneys for Defendants KB HOME and KB*
*HOME Raleigh-Durham Inc.*

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th of July, 2013, I have served a copy of the foregoing **DEFENDANTS KB HOME AND KB HOME RALEIGH-DURHAM INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** upon the Clerk of Court electronically and to the following via United States Mail and electronically:

Joseph F. Giordano
SEMMES, BOWEN & SEMMES
1577 Spring Hill Road
Suite 200
Vienna, Virginia 22182
jgiorano@semmes.com

*Attorneys for Plaintiff Liberty Mutual Fire Insurance Company*

        /s/ Michael S. Koplan
Michael S. Koplan (VA Bar No. 32893)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
Fax: (202) 347-1684
Email: mkoplan@babc.com