IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

LIBERTY MUTUAL FIRE INSURANCE CO.,

    Plaintiff,

v.                                                                                 CIVIL ACTION NO. 4:13cv98

KB HOME,
KB HOME RALEIGH-DURHAM, INC.,
and
STOCK BUILDING SUPPLY, LLC,

    Defendants.

## *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Defendants KB Home and KB Home Raleigh-Durham, Inc.'s (collectively, "KB Home Defendants") Motion to Dismiss, or in the Alternative, to Transfer Venue, filed on July 11, 2013. On July 22, 2013, Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed a Response requesting that the KB Home Defendants' Motion be denied, or, in the alternative, that it be granted leave to amend. Defendants filed a Reply on July 25, 2013. On October 22, 2013, the Court issued an Order granting Plaintiff leave to amend the complaint to adequately plead subject matter jurisdiction. On November 5, 2013, Liberty Mutual filed its Amended Complaint.

This matter is now ripe for disposition. For the reasons set forth below, the KB Home Defendants' Motion to Dismiss is **DENIED**. Their alternative Motion to Transfer venue is **GRANTED** and it is **ORDERD** that the case is transferred to the United States District Court for the Eastern District of North Carolina.

1

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Liberty Mutual Fire Insurance Company filed a Complaint in this Court seeking a declaratory judgment against three defendants: KB Home, KB Home Raleigh-Durham, Inc., and Stock Building Supply, LLC ("Stock"). Liberty Mutual is a Massachusetts corporation with a principal place of business in the same state. Am. Compl. ¶ 4. The KB Home Defendants are Delaware corporations; KB Home's principal place of business is in California and KB Home Raleigh-Durham's is in North Carolina. Am. Compl. ¶¶ 5-6. Stock is a limited liability company whose principal place of business is also in North Carolina. Am. Compl. ¶ 7.

Stock acted as a subcontractor for KB Home Raleigh-Durham. Mot. to Dismiss Ex. A ¶ 6. The instant dispute concerns two commercial general liability insurance policies Liberty Mutual issued to Stock for 2005-2007 and a settlement agreement regarding those policies. KB Home is listed as an additional insured on one of the insurance policies. *Id.* Ex. 1, at 6, 8. *See also id.* Ex. A ¶ 7 (asserting that KB Home and KB Home Raleigh-Durham are named as additional insureds on both policies). Both policies list as the named insured:

> Ferguson Enterprises, Inc. & Stock Building Supply, LLC and as per Endorsement 1
> 12500 Jefferson Ave.
> Newport News, VA 23602

*Id.* Ex. 1, at 11. But two Certificates of Coverage issued in 2005 and 2006 list Stock's address as Raleigh, NC. Ex. 1, at 1, 9. One insurance policy was issued by Liberty Mutual's sales office in Charlotte, NC, and the other by its sales office in Richmond, VA. *Id.* Ex. 1, at 11, 17.

Plaintiff seeks a declaratory judgment concerning its rights and obligations as an insurer of the defendants, stemming from an underlying action in North Carolina state court. In that action, North Carolina homeowners sued the KB Home defendants, alleging that they had

2

suffered water damage resulting from improper home construction. KB Home eventually named Stock as a third-party defendant in that action. The KB Home Defendants then filed for a declaratory judgment in the same state court concerning the responsibilities of Plaintiff, and Plaintiff removed that suit to the District Court for the Eastern District of North Carolina. The parties in the federal court action eventually reached a settlement and agreed that Plaintiff would assume certain defense and indemnity obligations. *Id.* Ex. A, at 2-4. Plaintiff has filed the instant suit requesting the Court to declare that Plaintiff's duty to defend has ended and that it has discharged its duties in the parties' settlement agreement.

## II. LEGAL STANDARDS

Defendants KB Home and KB Home move to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3), which refer to lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue, respectively.

As relevant here, a federal court has subject-matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The burden of proving subject-matter jurisdiction rests on the plaintiff, and a district court may consider evidence outside the pleadings in deciding whether it should dismiss an action for lack of subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999). It is proper to grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (quotation omitted). Section 1332(a) requires that all of the plaintiffs be from different states as all of the defendants, called "complete diversity." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The second component of

diversity jurisdiction is an amount in controversy that exceeds $75,000. In most instances, the good faith "sum claimed by the plaintiff controls." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). A defendant seeking dismissal for failure to meet the requisite amount in controversy "shoulder[s] a heavy burden" and must show that it is legally impossible for plaintiff to recover the amount it seeks. *Id.* When a suit is for declaratory or injunctive relief, the amount "is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). *See also Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 668 (D. Md. 2012) (discussing calculation of amount in controversy in a suit for declaratory relief).

In addition to having jurisdiction over the subject-matter of the litigation, a federal court must also have personal jurisdiction over the parties to a suit. Personal jurisdiction must be authorized both by the forum state's long-arm statute and by the Due Process Clause of the Fourteenth Amendment, which requires that a defendant have sufficient "minimum contacts" with the forum state. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). As Virginia's long-arm statute extends to the full scope of the Due Process Clause, the inquiries in this case are one and the same. *Id.* As the Plaintiff, Liberty Mutual bears the burden of proving grounds for personal jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A defendant may be subject to general or specific jurisdiction, but only the latter is relevant here. *See* Pl. Br. in Resp. to Mot. to Dismiss 4. The Fourth Circuit requires consideration of three factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether

the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002) (quotations omitted).

Finally, the district in which the suit was brought must also be proper. Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When venue is challenged, it is the burden of the plaintiff to prove its propriety. *Sheppard v. Jacksonville Marine Supply, Inc.*, 877 F. Supp. 260, 269 (D.S.C. 1995). If venue is improper, the court may dismiss the suit outright or may, if "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper under Section 1391, a court may also exercise its discretion to transfer venue to a district where the suit may initially have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). In considering whether to transfer to a more convenient district, a court should consider "(1) the plaintiff's initial choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007) (punctuation and quotation omitted). The party moving for transfer bears the burden of showing that transfer is proper. *Id.*

While a federal court must determine that it has both subject matter jurisdiction and personal jurisdiction and that venue is proper before it can proceed with a case, it has some

5

flexibility in the order in which it decides those issues. The Supreme Court has noted that "there is no mandatory sequencing of jurisdictional issues." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quotation omitted). While "personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum," a court may reverse that order and consider venue first "when there is a sound prudential justification for doing so." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). *See also Carreras v. PMG Collins, LLC*, 660 F.3d 549, 557 n. 5 (1st Cir. 2011) ("If the district court decides that a transfer of venue is appropriate, then it may eschew a decision on the issue of specific jurisdiction."); *In re LimitNone, LLC*, 551 F.3d 572 (2d Cir. 2008); *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 n.3 (4th Cir. 2006) (proper to dismiss on the basis of improper venue before reaching the issue of personal jurisdiction); *Mead v. Gaston Cnty. Police Dept.*, No. 0:11cv3017, 2012 WL 631850 (D.S.C. Feb. 27, 2012).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

In its October 22, 2013, Order the Court found that the requisite amount-in-controversy had been satisfied, but that Plaintiff had failed to show that the parties in the suit are completely diverse because it failed to identify the citizenship of the members of Stock, an LLC. *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("[T]he citizenship of a limited liability company . . . is determined by the citizenship of all of its members."). In its Amended Complaint, Plaintiff states that Stock's sole member is (through several levels of LLCs) a Delaware corporation whose principal place of business is in North

Carolina. Am. Compl. ¶ 7. As Plaintiff's citizenship is from Massachusetts, Am. Comp. ¶ 4, the parties are completely diverse and so the KB Home Defendants' Motions to Dismiss for lack of subject matter jurisdiction is **DENIED**.

### B. Personal Jurisdiction & Venue

The KB Home Defendants' Motion to Dismiss also alleges that the Court lacks personal jurisdiction over them, and they also claim that the Eastern District of Virginia is an improper forum for the case and that the United States District Court for the Eastern District of North Carolina is a more appropriate forum. Defendant Stock has not filed any briefing on the matter.

To determine whether specific personal jurisdiction exists, the Fourth Circuit requires a court to consider three factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002). A plaintiff must satisfy the first prong before a court need consider the second and third. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). Liberty Mutual has not shown that any of these factors support personal jurisdiction over the KB Home Defendants, and therefore it has not met its burden to show that personal jurisdiction lies in the Eastern District of Virginia.

The Fourth Circuit has enumerated a nonexclusive list of factors which may be relevant in assessing whether a defendant purposefully availed themselves of the privileges of the relevant forum. Those include:

- Whether the defendant maintains offices or agents in the forum state.
- Whether the defendant owns property in the forum states.

- Whether the defendant reached into the forum state to solicit or initiate business.
- Whether the defendant deliberately engaged in significant or long-term business activities in the forum state.
- Whether the parties contractually agreed that the law of the forum state would govern disputes.
- Whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship.
- The nature, quality and extent of the parties' communications about the business being transacted.
- Whether the performance of contractual duties was to occur within the forum.

*Consulting Eng'rs Corp.*, 561 F.3d at 278. Liberty Mutual has not presented evidence as to any of these considerations. Its sole argument for the Court's personal jurisdiction over the KB Home Defendants is simply that the relevant insurance policies were delivered to the named insureds (Stock and another entity) in Newport News, Virginia. But other documents indicate that Stock was in Raleigh. Mot. to Dismiss Ex. 1 at 1, 9. In any event, the issue before the Court is its personal jurisdiction over the KB Home Defendants, not over Stock, and Plaintiff does not dispute that the documents were delivered to the KB Home Defendants in California and North Carolina. Mot. to Dismiss Ex. A, at ¶ 8. That the KB Home Defendants were additional insureds on a policy delivered to a party in Virginia is simply too fine a thread to support personal jurisdiction. Liberty Mutual presents no evidence that the KB Home Defendants negotiated the policies in Virginia, agreed that Virginia law would govern any disputes, or that the parties negotiated the policies in Virginia.

8

Liberty Mutual makes a cursory argument without any citation or further explanation that "Virginia courts invoke the choice-of-law principle of *lex loci contractus*" and therefore that Virginia law would apply to any disputes regarding defense and indemnification under the policies. Liberty Mutual Br. in Resp. to Mot. to Dismiss 4. The Court declines to engage in any choice-of-law analysis or review of Virginia law, but Virginia law would apply only if venue were proper in this district, *Iannello v. Busch Entm't Corp.*, 300 F. Supp. 2d 400 (E.D. Va. 2004), and an at least equally relevant disputed document in this case is likely to be the settlement agreement, which was formed in North Carolina. Am Compl. ¶ 6 (requesting the Court to declare that Plaintiff "has fully discharged its obligations . . . pursuant to the Settlement Agreement"); Mot. to Dismiss Ex. A ¶ 16. For that same reason, the second factor in the personal jurisdiction analysis is also unavailing for Liberty Mutual, and the Court concludes that it lacks jurisdiction over the KB Home Defendants.

However, that conclusion does not necessarily mean that the matter is at an end and that they must be dismissed from the suit. The Court has discretion to transfer a case to a proper venue even if it lacks personal jurisdiction over some of the Defendants. *E.g.*, *Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988); *Loreto v. Cushman*, 930 F. Supp. 2d 1, 6 (D.D.C. 2013). Title 28 U.S.C. § 1391 governs venue, and it provides:

> **(b) Venue in general.**--A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Because the KB Home Defendants are not residents of Virginia, § 1391(b)(1) does not support venue in the Eastern District of Virginia (and Liberty Mutual does not rely on that provision). *See* 28 U.S.C. § 1391(c) ("For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."). And, Section 1391(b)(2) does not support venue in the Eastern District of Virginia, as the sole justification for venue in this district is that "[t]he disputed contract was delivered in Virginia." Liberty Mutual Br. in Resp. to Mot. to Dismiss 6. This is insubstantial in relation to the totality of the events giving rise to this lawsuit, which included the class action and declaratory judgment suits culminating in a settlement agreement, all of which occurred in North Carolina.

Finally, Section 1391(b)(3) does not make venue proper in the Eastern District of Virginia because there *is* a district where venue would be proper: the Eastern District of North Carolina. As discussed above, "a substantial part of the events or omissions giving rise to the claim occurred" there. For these reasons, venue is improper in the Eastern District of Virginia and the Court may "dismiss, or if it be in the interest of justice, transfer such case to any district or division where it could have been brought." 28 U.S.C. § 1406(a). The Court finds that the interest of justice warrants transfer to the Eastern District of North Carolina rather than dismissal of the action.[1] *See* Charles A. Wright, Arthur R. Miller, *et al.*, 14D Fed. Prac. & Proc. Juris. § 3827 (3d ed.) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation. . . . District courts also are likely to order transfer . . . if it would be more efficient or economical to do so . . . ."). Both

---

[1] The Court construes Plaintiff's filing in this District as a blatant attempt to forum shop, resulting in a waste of the Court's judicial resources.

Liberty Mutual and the KB Home Defendants request transfer as an alternative to their preferred resolution of the instant motion. The KB Home Defendants concede that the Eastern District of Virginia is a proper and convenient venue, and Liberty Mutual does not argue that it is not. Venue is proper there because a substantial part of the events giving rise to this suit occurred there. As to whether personal jurisdiction is proper there, Stock and KB Home Raleigh-Durham have their principal place of business there, and KB Home (who requests transfer to the venue) and Liberty Mutual have engaged in extensive litigation there connected to the instant suit. *See, e.g.*, Mem. in Supp. of Mot. to Dismiss. 4-5.

Accordingly, the KB Home Defendants' Motions to Dismiss for lack of personal jurisdiction and improper venue is **DENIED**. Their alternative Motion to Transfer Venue is **GRANTED** and it is **ORDERED** that the case be transferred to the Eastern District of North Carolina.

## IV. CONCLUSION

For the reasons stated above, KB Home and KB Home Raleigh-Durham, Inc.'s Motion to Dismiss is **DENIED**. Their alternative Motion to Transfer Venue is **GRANTED** and it is **ORDERED** that this case be transferred to the Eastern District of North Carolina. The Clerk shall transfer those case files to the Clerk for the Eastern District of North Carolina.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November 25, 2013

11